IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:21CR235 |
| v. | |
| BLAKE RUEL, | ORDER |
| Defendant. | |

Defendant Blake Ruel ("Ruel") moved to suppress (Filing No. 25) all evidence obtained against him from a search of his vehicle on or about May 11, 2021. On that day, Omaha Police Officer Jodi Sautter ("Officer Sautter") had been following Ruel for suspected drug activity and intended to conduct a traffic stop. While Officer Sautter was following him in her marked vehicle, Ruel was hit by another driver in an unrelated traffic accident. Officer Sautter engaged in a typical accident investigation and observed that Ruel was very nervous, hyped up, and had air fresheners "in almost every single vent" of his car. Ruel denied Officer's Sautter's request to search his vehicle. She walked back to her car to retrieve her drug canine, walked it around his car, and the canine quickly alerted. As Ruel sees it, Officer Sautter unlawfully prolonged his detention to conduct a canine sniff without reasonable suspicion.

On December 21, 2021, the magistrate judge[1] held an evidentiary hearing and issued his Findings and Recommendation (Filing No. 47) on February 15, 2022, pursuant to 28 U.S.C. § 636(b)(1). The magistrate judge recommended Ruel's motion be denied. Ruel timely objected (Filing No. 48) to the magistrate judge's findings and recommendation, arguing the magistrate judge erred by (1) finding that Officer Sautter returned Ruel's

---

[1] The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

documents to him, that police had reviewed certain telephone records before the traffic stop, and the time the traffic stop ended; (2) concluding the canine sniff did not prolong the traffic stop; and (3) concluding Officer Sautter had reasonable suspicion to extend the stop.

Section 636(b)(1) requires the Court to "make a de novo determination of the report or specified proposed findings or recommendations to which objection is made." *See also* Fed. R. Crim. P. 59(b)(3). Based on that review, the Court can "accept, reject, or modify, in whole or in part, the findings or recommendations," receive additional evidence, or "recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

Upon a careful de novo review, the Court finds Ruel's objections should be overruled and his motion to suppress be denied. While Ruel may be correct that Officer Sautter did not return his documents before asking for consent to search, that fact is not material. The Court agrees with the magistrate judge that the canine sniff did not violate Ruel's constitutional rights. Accordingly,

IT IS ORDERED:
1. Defendant Blake Ruel's Objections to the Findings and Recommendation (Filing No. 48) are denied.
2. The magistrate judge's Findings and Recommendation (Filing No. 47) is accepted.
3. Ruel's Motion to Suppress (Filing No. 25) is denied.

Dated this 17th day of March 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge