IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>BLAKE RUEL,<br><br>                Defendant. | **8:21CR235**<br><br><br>**ORDER** |

      On July 26, 2022, defendant Blake Ruel ("Ruel") pleaded guilty to the entirety of a three-count Indictment (Filing No. 1), which charged him with possession with intent to distribute methamphetamine, possession of a firearm in furtherance of that offense, and felon in possession of a firearm. *See* 21 U.S.C. § 841(a)(1), (b)(1); 18 U.S.C. §§ 922(g)(1), 924(a)(2), (c)(1)(A). Ruel was sentenced on October 21, 2022, to a total of 322 months imprisonment to be followed by an 8-year term of supervised release.

      Ruel promptly appealed that sentence to the United States Court of Appeals for the Eighth Circuit. There, his attorney Alton Mitchell ("Mitchell") filed a brief under *Anders v. California*, 386 U.S. 738, 744 (1967), and moved to withdraw. In *pro se* briefing to the Eighth Circuit, Ruel also claimed Mitchell's representation during plea negotiations constituted ineffective assistance of counsel.

      On March 9, 2023, the Eighth Circuit affirmed Ruel's sentence. *See United States v. Ruel*, 2023 WL 2421053, at *1 (8th Cir. March 9, 2023) (unpublished per curiam). In so ruling, it determined that "his challenge to [Mitchell's] performance would be better addressed on collateral review." *Id.*

      On January 22, 2024, Ruel followed suit by filing in this Court a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 93). Ruel once again asserts Mitchell was ineffective in counseling him during

plea negotiations, namely by failing to advise him about "the impact of [U.S.S.G.] § 4B1.1 Career Offender provisions." Ruel states that, with such advice, he "would have continued with the" Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement offered to him by the government. That agreement, if accepted by the Court, would've resulted in a significantly lower sentence of 240 months. *See* Fed. R. Crim. P. 11(c)(1)(C) (providing that a plea agreement in which the government agrees to a specific sentence or sentencing range is binding on the court once accepted). As support, Ruel has also submitted an affidavit from Mitchell as well as a Memorandum of Law (Filing No. 94).

Ruel's § 2255 motion timely raises a potentially colorable claim. *See* 28 U.S.C. § 2255(f) (providing that § 2255 motions are subject to a 1-year period of limitation to run on "the date on which the judgment of conviction becomes final"); *Lafler v. Cooper*, 566 U.S. 156, 170-72 (2012) (discussing the remedies for a defendant who "shows ineffective assistance of counsel has caused the rejection of a plea leading" to a more severe sentence). The United States attorney is therefore ordered to respond to Ruel's motion by February 26, 2024. *See* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 4(b) (requiring the Court to promptly examine a § 2255 motion and order the government's response unless it plainly appears the movant is not entitled to relief).

IT IS SO ORDERED.

Dated this 25th day of January 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge