IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:21CR235 |
| v. | |
| BLAKE RUEL, | ORDER |
| Defendant. | |

This matter is before the Court on defendant Blake Ruel's ("Ruel") *pro se* motion under 28 U.S.C. § 2255 (Filing No. 93) to vacate his conviction and set aside his sentence. Ruel asserts his appointed counsel, Alton Mitchell ("Mitchell"), was ineffective in counseling him during plea negotiations, namely by failing to advise him about "the impact of [United States Sentencing Guidelines] § 4B1.1 Career Offender provisions." Ruel states that, with such advice, he "would have continued with the" Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement offered to him by the government which would have resulted in a sentence of 240 months if accepted by the Court. *See* Fed. R. Crim. P. 11(c)(1)(C). Instead, Ruel pleaded guilty without the benefit of that agreement and was sentenced to a total of 322 months imprisonment.

Ruel supports his motion with a Memorandum of Law (Filing No. 94) as well as an affidavit from Mitchell in which he admits he "did not consider or discuss with [Ruel] the impact of §4B1.1 Career Offender provisions." Had he done so, Mitchell states he "would have advised [Ruel] to continue with the plea agreement," which he contends the Court would have likely accepted.

On January 25, 2024, the Court completed its initial review of Ruel's § 2255 motion and found it raised a timely and potentially colorable claim for relief (Filing No. 96). The Court therefore ordered the government to respond. *See* Rules Governing

Section 2255 Proceedings for the United States District Courts, Rule 4(b) (requiring the Court to promptly examine a § 2255 motion and order the government to respond unless it plainly appears the movant is not entitled to relief).

The government has now responded (Filing No. 101) and argues that, "[t]aking Ruel's argument and defense counsel's claim in his Affidavit that but for counsel's advice Ruel would have accepted the § 11(c)(1)(C) plea agreement as true," Ruel has still not sufficiently demonstrated prejudice entitling him to relief. To establish prejudice "[i]n these circumstances[, Ruel] must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler v. Cooper*, 566 U.S. 156, 164 (2012).

In light of the parties' submissions, the Court finds "[t]he record at this juncture does not conclusively refute [Ruel's] claim." *Mayfield v. United States*, 955 F.3d 707, 711-13 (8th Cir. 2020) (concluding the district court erred in not granting a hearing on the defendant's § 2255 motion because "the district court would have to make findings" about what would have occurred had counsel properly informed him during plea negotiations); *see also* 28 U.S.C. § 2255(b) (requiring the district court to promptly grant a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"). Consequently, a hearing is required to fairly consider Ruel's § 2255 claim. The Court will also appoint counsel to represent Ruel in this matter. *See* 18 U.S.C. § 3006A; Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8.

IT IS ORDERED:

1. An evidentiary hearing on defendant Blake Ruel's 28 U.S.C. § 2255 Motion is set for June 13, 2024 at 9:00 a.m. in Courtroom No. 4, Roman L. Hruska Federal Courthouse, 111 S. 18th Plaza, Omaha, Nebraska 68102.

2. The Federal Public Defender for the District of Nebraska is appointed to represent Ruel at the hearing. If the Federal Public Defender accepts this appointment, the Federal Public Defender shall promptly file an appearance in this matter. In the event the Federal Public Defender should decline this appointment for reason of conflict or based on the Criminal Justice Act Plan, the Federal Public Defender shall promptly provide the Court with a draft appointment order (CJA Form 20) bearing the name and other identifying information of the CJA Panel attorney identified in accordance with the Criminal Justice Act Plan for this district.

3. The Clerk of Court shall provide a copy of this order to the Federal Public Defender.

4. The Court will arrange for Ruel to participate by telephone. Counsel and Mitchell will personally appear.

5. The parties may call other witnesses and present other relevant evidence at the hearing.

Dated this 22nd day of April 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge