IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:21CR235 |
| v. | |
| BLAKE RUEL, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Blake Ruel's ("Ruel") *pro se* motion under 28 U.S.C. § 2255 (Filing No. 93) to vacate his conviction and set aside his sentence.[1] Having pleaded guilty without the benefit of a plea agreement, Ruel is currently serving a total of 322 months imprisonment for possessing with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine ("Count I"), possessing a firearm during that drug-trafficking crime ("Count II"), and being a felon in possession of a firearm ("Count III"). *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2), (c)(1)(A); 21 U.S.C. § 841(a)(1), (b)(1)(B). Ruel asserts his counsel, Alton E. Mitchell ("Mitchell"), was ineffective for failing to advise him during the plea-negotiation process of the possibility that he could be sentenced as a career offender. According to Ruel, Mitchell's mistaken advice led him to reject a binding 240-month plea agreement offered by the government. *See* Fed. R. Crim. P. 11(c)(1)(C) (providing that a plea agreement that sets forth a specific sentence is binding if accepted by the Court). The government opposes Ruel's motion (Filing No. 101).

To determine whether Ruel raised a colorable claim for relief, the Court appointed him counsel and held an evidentiary hearing (Filing No. 102). *See* Rules Governing

---

[1] Ruel's Memorandum of Law (Filing No. 94) in support of his § 2255 motion was prepared with the assistance of the Paul E. Wilson Project for Innocence and Post-conviction Remedies at the University of Kansas School of Law.

Section 2255 Proceedings for the United States District Courts, Rule 8. At that hearing on August 29 and September 10, 2024, the parties submitted evidence and presented arguments, and Mitchell testified in detail about the advice he gave (and admittedly did not give) Ruel throughout this case—prior to and during sentencing. Having carefully considered the record in this matter, including the parties' submissions and arguments and the evidence presented at the hearing, the Court grants Ruel's motion.

Criminal defendants have a Sixth Amendment right to the "effective assistance of competent counsel" during plea negotiations. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)); *see also Padilla v. Kentucky*, 559 U.S. 356, 373 (2010) (explaining the Supreme Court has "long recognized that the negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel"). In that context, the first part of the foundational test in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), remains the same. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Lafler*, 566 U.S. at 162-63. Thus, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Hill*, 474 U.S. at 57 (quoting *Strickland*, 466 U.S. at 687-88); *see also Buck v. Davis*, 580 U.S. 100, 118 (2017) (stating defense counsel "discharge[s] his constitutional responsibility so long as his decisions fall within the 'wide range of professionally competent assistance'" (quoting *Strickland*, 466 U.S. at 690)).

There is little doubt Mitchell's errors were so serious that he failed to function "as the 'counsel' [constitutionally] guaranteed" to Ruel. *Strickland*, 466 at 687. Mitchell consistently testified that he utterly failed to consider the United States Sentencing Guidelines ("U.S.S.G" or "guidelines") career-offender enhancements or discuss those potential enhancements with Ruel at any time during the plea-negotiation process. *See* U.S.S.G. § 4B1.1; *Mayfield v. United States*, 955 F.3d 707, 711 (8th Cir. 2020) ("An attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable

performance under *Strickland*." (quoting *Hinton v. Alabama*, 571 U.S. 263, 274 (2014) (per curiam)). Because of his omission, Mitchell believed Ruel faced an advisory guideline range that was likely to subject him to a term of imprisonment totaling around 180 months.[2]

The reality was wildly different. Ruel's career-offender status put his eventual guideline range on Count I at 262 to 327 months, having elevated his criminal history category to VI and his offense level to 34. *See* U.S.S.G. § 4B1.1; *United States v. Day*, 969 F.2d 39, 43 (3d Cir. 1992) (explaining "familiarity with the structure and basic content of the Guidelines (including the definition and implications of career offender status) has become a necessity for counsel who seek to give effective representation"); *Smith v. United States*, 348 F.3d 545, 553 (6th Cir. 2003) (stating effective counsel should "completely explor[e] the ranges of penalties under likely guideline scoring scenarios" and "explain the sentencing exposure the defendant will face" as a result of their options). Ruel's numerous prior convictions make Mitchell's admitted oversight especially deficient. *See Mayfield*, 955 F.3d at 711 (stating counsel's advice that the defendant faced a 20-year minimum based on a 21 U.S.C. § 851 enhancement was professionally unreasonable where "[r]udimentary research would have revealed that [] minimum did not apply"); *United States v. Marco-Quiroga*, 478 F. Supp. 2d 1114, 1135 (N.D. Iowa 2007) (concluding counsel was ineffective in incorrectly advising the defendant he would not be subject to career-offender enhancements where, based on the defendant's known criminal history counsel "could have predicted with a fair degree of certainty that [he] would be sentenced as a career offender"). Under these specific, extraordinary

---

[2]Sure enough, it appears that, without the career-offender enhancements, Ruel's advisory guideline range on Count I would have been 168 to 210 months based on his pre-enhancement offense level of 31 and criminal history category of V. *See* U.S.S.G. Ch. 5, Pt. A (sentencing table). In any event, Ruel's total sentence would have been lengthened by a mandatory, consecutive five-year sentence on Count II. *See* 18 U.S.C. § 924(c)(1)(A)(i).

3

circumstances, Mitchell's representation during the plea-negotiation process was constitutionally deficient.

The existence of prejudice in Ruel's case is also clear. Where counsel fails to provide the defendant "effective assistance [] in considering whether to accept" an offered plea bargain, "prejudice can be shown if loss of the plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence." *Lafler*, 566 U.S. at 168. During negotiations, the government offered Ruel a Rule 11(c)(1)(C) plea bargain providing for a sentence of 180 months on Count I and 60 consecutive months on Count II, for a total of 240 months imprisonment. As part of that agreement, the government also offered to dismiss Count III. Ruel executed that agreement on June 14, 2022, but—at the recommendation of Mitchell—later decided to plead guilty without its benefit on July 26, 2022.

The record demonstrates Ruel made that decision based on Mitchell's erroneous advice about the probable sentencing outcomes he faced. As a result, the Court imposed a more severe sentence, one that is seven years longer than the deal he rejected. Ruel reliably asserts that, had Mitchell correctly advised him of the possible sentences he faced, he would have gone ahead with the 240-month deal that he had previously accepted and executed. In light of all of the circumstances, the Court is satisfied that Ruel "has shown that but for [Mitchell's] deficient performance there is a reasonable probability he and the trial court would have accepted the" plea agreement. *Id.* at 174.

The Court has "discretion in implementing an appropriate remedy for [a] Sixth Amendment violation," *Wiggins v. United States*, 900 F.3d 618, 623 (8th Cir. 2018), but must tailor the remedy "to the injury suffered" by the defendant, *Lafler*, 566 U.S. at 170 (quoting *United States v. Morrison*, 449 U.S. 361, 364 (1981)). In cases like this one, where the government's "offer was for a guilty plea to" fewer counts "than the ones for which" the defendant was ultimately convicted and sentenced, the appropriate exercise of that discretion is generally to "require the prosecution to reoffer the plea proposal."

4

*Lafler*, 566 U.S. at 171. The Court will then determine whether to exercise its discretion to vacate Ruel's earlier convictions. *Id.* at 174.

For these reasons,

IT IS ORDERED:

1. Blake Ruel's motion under 28 U.S.C. § 2255 (Filing No. 93) is granted.
2. The government shall reoffer to Ruel the Federal Rule of Criminal Procedure 11(c)(1)(C) plea offer previously executed by the parties by October 14, 2024.
3. The appointment of Assistant Federal Public Defender Julie B. Hansen is expanded for purposes of the further proceedings in this matter.

Dated this 12th day of September 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge